Case 4:15-cv-03627   Document 19   Filed in TXSD on 08/15/16   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
August 15, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOURDES & ROLAND ALCALA, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION H-15-3627 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2006-5, | § § § § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Deutsche Bank National Trust Company's ("Deutsche Bank") motion for summary judgment. Dkt. 12. Having considered the motion, response, reply, other relevant documents, and the applicable law, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

On April 14, 2006, Lourdes and Roland Alcala (collectively, "Plaintiffs") executed a $216,000 note in favor of Long Beach Mortgage Company with respect to property located at 12202 Lakewood Valley Court, Cypress, Texas 77429. Dkt. 12, Ex. 1-A. On the same day, Plaintiffs executed a deed of trust establishing a first lien on the property. Dkt. 12, Ex. 1-B. On November 1, 2008, Plaintiffs defaulted on the note. Dkt. 12, Ex. 1 at 2. On March 5, 2009, JP Morgan Chase Bank National Association, as successor in interest to Long Beach Mortgage Company, assigned the deed of trust to Deutsche Bank. Dkt. 12, Ex. 1-D. On March 19, 2009, Deutsche Bank filed an application for expedited foreclosure in regard to Plaintiffs' note. Dkt. 13, Ex. A, Sched. 1. The

application indicated that the note had been accelerated, that Plaintiffs had been given notice of the acceleration, and that all unpaid principal, accrued interest, and other charges under the note were due. *Id.* On September 11, 2012, Deutsche Bank sent a notice of default to Plaintiffs. Dkt. 12, Ex. 1-G. The notice of default requested that Plaintiffs pay only the overdue amount of $86,900.59 plus fees, rather than the entire unpaid principal as required by the previous acceleration of the note. *Id.* On September 26, 2012, Lourdes Alcala signed a quitclaim deed in favor of Roland Alcala. Dkt. 12, Ex. 1-F. On January 8, 2013, Deutsche Bank sent a second notice of acceleration to Plaintiffs, as Plaintiffs had remained in default on the note. Dkt. 12, Ex. 1-H.

On December 8, 2015, Plaintiffs filed suit in the 133rd Judicial District Court of Harris County, seeking a declaratory judgment that the applicable statute of limitations for Deutsche Bank to foreclose had expired and seeking to quiet title to their property. Dkt. 1, Ex. C-1. On December 15, 2015, Deutsche Bank removed the case to this court. Dkt. 1. On December 18, 2015, Deutsche Bank filed a counterclaim for authorization to foreclose on Plaintiffs' property. Dkt. 4. On March 10, 2016, Deutsche Bank moved for summary judgment. Dkt. 12. On March 30, 2016, Plaintiffs filed a response. Dkt. 13. On April 4, 2016, Deutsche Bank filed a reply. Dkt. 15. The motion is now ripe for disposition.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its

burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. OBJECTIONS

On March 30, 2016, Roland Alcala filed an affidavit in support of his response in opposition to Deutsche Bank's motion. Dkt. 13, Ex. A. On April 4, 2016, Deutsche Bank filed objections to two statements in the affidavit. Dkt. 16.

In his affidavit, Roland Alcala states that the statute of limitations bars Deutsche Bank's action to foreclose. Dkt. 13, Ex. A. Deutsche Bank objects that this statement is not competent evidence because it is merely a legal conclusion. Dkt. 16 at 2. The court agrees that this statement is a pure legal conclusion and has no probative value. *See Gibson v. Liberty Mut. Grp.*, 129 F. App'x 94, 95 (5th Cir. 2005) (per curiam) (affirming district court's decision to strike affidavit containing legal conclusions); *Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) ("Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment."). Deutsche Bank's first objection is SUSTAINED.

In his affidavit, Roland Alcala claims that neither he nor his wife received a notice that Deutsche Bank rescinded its acceleration of the note. Dkt. 13, Ex.1. Deutsche Bank objects that this statement is legally and factually conclusory and contains hearsay. Dkt. 16 at 2–3. As discussed in detail below, it is immaterial whether Plaintiffs received a notice that the acceleration of the note had been rescinded because the September 11, 2012 notice of default put Plaintiffs on notice that

Deutsche Bank abandoned the acceleration.  Accordingly, Deutsche Bank's second objection is OVERRULED AS MOOT.

## IV. ANALYSIS

The parties' dispute centers on whether the statute of limitations for Deutsche Bank to foreclose on Plaintiffs' property has expired and at what point the statute of limitations began to run. An action for foreclosure of a real property lien must be brought within four years after the cause of action accrues.  Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a).  Where a note is payable in installments, the statute of limitations period begins to run at the maturity date of the final installment.  *Id.* § 16.035(e).  Once the four-year limitation period expires, the real property lien becomes void.  *Id.* § 16.035(d).  When a loan is accelerated, the statute of limitations begins to run from the date of acceleration.  *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001)).  However, if the acceleration is validly rescinded, then the accrual date reverts back to the loan's original maturity date.  *Id.*

Plaintiffs argue that the note was initially accelerated on or before March 19, 2009, and this acceleration was never validly rescinded.  Dkt. 13 at 2.  Specifically, Plaintiffs argue that Deutsche Bank cannot unilaterally rescind an acceleration over the objection of the debtor and that they validly objected to the acceleration by filing this lawsuit.  *Id.*  Therefore, Plaintiffs assert that the four year statute of limitations period began to run on March 19, 2009 when the loan was first accelerated and ended on March 19, 2013.  *Id.*  Accordingly, Plaintiffs contend that Deutsche Bank's December 18, 2015 counterclaim for authorization to foreclose is time-barred.

Deutsche Bank argues that its counterclaim for authorization to foreclose is not precluded by the four year statute of limitations because the September 11, 2012 notice of default effectively

4

rescinded the March 19, 2009 acceleration and restored the note's original maturity date. Dkt. 12 at 9. It asserts that when Plaintiffs remained in default and Deutsche Bank accelerated the loan for a second time on January 8, 2013, the date of accrual moved from the loan's original maturity date to January 8, 2013. *Id.* Therefore, according to Deutsche Bank, the statute of limitations to foreclose ended on January 8, 2017, and Deutsche Bank's December 18, 2015 counterclaim for authorization to foreclose was timely.

The primary legal issue that the court must resolve is whether Deutsche Bank may unilaterally rescind its original March 19, 2009 acceleration. If the acceleration may not be unilaterally rescinded, then the statute of limitations began to run on March 19, 2009, and Deutsche Bank's counterclaim for authorization to foreclose is time-barred. However, if the acceleration may be unilaterally rescinded, the statute of limitations began to run on January 8, 2013, the date of Deutsche Bank's second notice of acceleration, and Deutsche Bank's counterclaim is timely.

Plaintiffs cite *Callan v. Deutsche Bank Trust Co. Americas,* 11 F. Supp. 3d 761 (S.D. Tex. 2014) (Harmon, J.), for the proposition that unilateral rescission of acceleration over the objection of the debtor is not allowed. Dkt. 13 at 2. They also argue that filing their original petition was procedurally sufficient to object to the rescission. *Id.*

Plaintiffs failed to mention that the cited opinion was later amended in response to the defendant's motion to amend the judgment, and the court held that the plaintiff did not validly object to the note holder's rescission of acceleration by filing a declaratory judgment action against the mortgagors. *See Callan v. Deutsche Bank Tr. Co. Ams.,* 93 F. Supp. 3d 725, 737 (S.D. Tex. 2015) (Harmon, J.). Moreover, the Fifth Circuit discussed *Callan* in *Leonard v. Ocwen Loan Servicing, L.L.C.* and explicitly held that "a lender can unilaterally abandon an acceleration." 616 F. App'x

5

677, 680 (5th Cir. 2015).   Further, in *Boren v. U.S. National Bank Ass'n*, the Fifth Circuit recently made an *Erie* guess that

> [t]he Texas Supreme Court would likely hold that a lender may unilaterally abandon acceleration of a note, thereby restoring the note to its original condition . . . by sending notice to the borrower that the lender is no longer seeking to collect the full balance of the loan and will permit the borrower to cure its default by providing sufficient payment to bring the note current under its original terms.

807 F.3d 99, 105 (5th Cir. 2015); *see also Meachum v. Bank of N.Y. Mellon Tr. Co. N.A.*, No. 3:13-CV-2322-N, 2015 WL 765982, at *1 (N.D. Tex. Feb. 20, 2015) (holding that the noteholder effectively abandoned a prior acceleration of the note by sending a notice of default requesting less than the full amount of the note), *aff'd*, 636 F. App'x 210 (5th Cir. 2016).

  The Fifth Circuit has therefore held that a noteholder may unilaterally rescind acceleration of a note. *Leonard*, 616 F. App'x at 680.  Further, the Fifth Circuit has established that a noteholder can rescind acceleration by sending a notice of default demanding the payment due under the original note, rather than the full payment of the note required by the acceleration.  *See Boren*, 807 F.3d at 106 (holding that sending a notice requesting payment of only the current amount due "unequivocally manifested an intent to abandon the previous acceleration").   Therefore, when Deutsche Bank sent a notice of default on September 11, 2012, requesting payment of only the amount overdue under the note rather than the full balance of the note, Deutsche Bank effectively rescinded its prior acceleration, and the accrual date reverted to the loan's original maturity date. *See* Dkt. 12, Ex. 1-G.  When Deutsche Bank accelerated the note again on January 8, 2013, the accrual date changed to January 8, 2013.  *See* Dkt. 12, Ex. 1-H.  Given that the statute of limitations begins to run on the accrual date and expires four years thereafter, the statute of limitations will expire around January 8, 2017.  Deutsche Bank's counterclaim for authorization to foreclose on

6

Plaintiffs' property was filed on December 18, 2015. Dkt. 4. Therefore, the counterclaim falls within the four year statute of limitations to foreclose and is timely. Because the applicable statute of limitations does not bar Deutsche Bank's counterclaim for authorization to foreclose on Plaintiffs' property and because Plaintiffs have raised no other defense to foreclosure, Deutsche Bank's motion for summary judgment is GRANTED.

## V. CONCLUSION

Deutsche Bank's motion for summary judgment (Dkt. 12) is GRANTED. Plaintiffs' claims are DISMISSED WITH PREJUDICE. Deutsche Bank seeks a final judgment authorizing it to foreclose on the property located at 12202 Lakewood Valley Court, Cypress, Texas 77429 in compliance with the terms of the note and Section 51.002 of the Texas Property Code. Dkt. 12 at 11. The court will issue a final judgment ordering the relief sought concurrently with this order.

Signed at Houston, Texas on August 15, 2016.

_____
Gray H. Miller
United States District Judge